**Monica Crawford PREBBLE, Plaintiff,**

v.

**Daniel HINSON, Defendant.**

No. C–1–93–102.

United States District Court,
S.D. Ohio, W.D.

June 7, 1993.

Peter Burr, Cincinnati, OH, for plaintiff.

Ronald Grossheim, Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Plaintiff Monica Crawford Prebble's [1] motion for leave to file an amended complaint (Doc. 5), Defendant's memorandum in opposition thereto (Doc. 6), and Plaintiff's reply. (Doc. 7).

### The Parties' Claims

Plaintiff has proffered a proposed amended complaint that seeks to add a count of sexual battery against Defendant, based upon an incident that allegedly occurred in 1981, when Plaintiff was 12 years old. (*See* Amended Complaint, ¶¶ 5–8, appended to Doc. 5). Defendant argues that any such claim would be barred by the applicable Ohio statute of limitations. (Doc. 6). Plaintiff,

however, urges that the statute of limitations is not a bar to amendment, and that the limitations issue implicates questions of fact that must be resolved by a jury. (Doc. 7).

## OPINION

*Standard Applicable to Motions for Leave to Amend*

Courts are directed to freely grant leave to amend "when justice so requires." Fed. R.Civ.P. 15(a). Plaintiff first asserts that Defendant's statute of limitations defense is irrelevant to the applicable "interests of justice" inquiry. However, if a proposed amendment would be vulnerable to a motion to dismiss or to strike, "it would be an idle move for the Court to allow an amendment over the objection of the opposing party who could simply make a formal motion to dismiss or strike after leave to amend is granted." 3 Moore's Federal Practice ¶ 15.08[4] (2d ed. 1991). *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citing "futility of amendment" as one possible justification for denying leave to amend).

The United States Court of Appeals for the Sixth Circuit endorsed the foregoing approach in *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir.1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985). In *Marx*, the Court specifically held that the district court correctly denied the plaintiff's motion to amend his complaint to add claims that would have been barred by the applicable statute of limitations. *Id.* at 1551. In light of such precedent, this Court rejects Plaintiff's apparent contention that Fed.R.Civ.P. 15(a) compels district courts to grant leave to amend even when permitting such amendment would amount to an exercise in futility. The Court therefore will consider whether Plaintiff's proposed amendment sets forth a claim which on its face is time barred.

*Statute of Limitations Analysis*

The parties agree that this action is governed by Ohio law. The Ohio Revised

---

1. Since filing her original complaint, Plaintiff apparently has reverted to the use of her maiden name, Monica Crawford (*see* "Affidavit of Monica Crawford," ¶ 1, appended to Doc. 7), but that change has not been formally effected in the caption of this case.

Code sets forth the following statute of limitations applicable to actions for assault or battery:

An action for assault or battery shall be brought within one year after the cause of action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:

(A) The date on which the alleged assault or battery occurred;

(B) If the plaintiff did not know the identity of the person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:

(1) The date on which the plaintiff learns the identity of that person;

(2) The date on which, by the exercise of reasonable diligence, he should have learned the identity of that person.

Ohio Rev.Code Ann. § 2305.111 (Anderson 1991).

As to causes of action involving minors, the Ohio Revised Code also sets forth the following provision, in pertinent part:

Unless otherwise provided . . ., if a person entitled to bring any action . . . is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by [the applicable] sections, after the disability is removed . . .

Ohio Rev.Code Ann. § 2305.16 (Anderson 1991).

Plaintiff apparently concedes both that a one year statute of limitations governs her proposed cause of action for sexual battery, and that she reached the age of majority by some time in 1987. (*See* Doc. 7, p. 2). Nevertheless, Plaintiff argues that the statute of limitations continued to be tolled *after* she reached the age of majority and until March of 1993, when she claims that her "repressed memory" of the 1981 incident first resurfaced, and she thereby purportedly first became aware of the existence of a possible cause of action arising therefrom. She offers both her own affidavit [2] and that of a licensed social worker as factual support re the March 1993 reemergence of memories about the 1981 occurrence. (*See* Affidavits of Monica Crawford and Stephen Shirey, appended to Doc. 7).

As legal support for her continued tolling argument, Plaintiff attempts to analogize her civil action for sexual battery to a criminal action based upon similar offensive conduct and governed by Ohio Rev.Code § 2901.-13(A). In the context of criminal actions involving child abuse or neglect, the Ohio Supreme Court has held that an act giving rise to criminal prosecution should be deemed to have been "discovered," for purposes of the applicable statute of limitations, when a "responsible adult" first became aware of the act and its criminal nature. *State v. Hensley,* 59 Ohio St.3d 136, 140, 571 N.E.2d 711 (1991). Plaintiff urges the Court to adopt the same approach in determining when the statute of limitations begins to run for purposes of her civil action. She also argues that she should be considered to have been of "unsound mind" or under a "mental deficiency" until the date that her memory of the 1981 incident returned. (Doc. 7, p. 5).

This Court is cognizant of and sensitive to the long-term psychological effects that sexual molestation can inflict upon young victims. Nevertheless, even accepting the affidavits of Plaintiff and her caseworker/counselor as true for purposes of this motion, this Court cannot deem the statute of limitations applicable to the 1981 incident to have been tolled until March of 1993.

Initially, the Court finds that the opinion in *Hensley, supra,* does not support the sweeping interpretation of that decision urged by Plaintiff. In *Hensley,* the Ohio Supreme Court held that *specific criminal statutory language* which provides for tolling until a crime is "discovered" [*see* Ohio Rev.Code Ann. § 2901.13(F) (Anderson 1991)] should be interpreted to toll the running of time in criminal child abuse cases until the abuse is

---

2. For purposes of the record, the Court notes that the Affidavit of Monica Crawford filed with this Court is neither signed by Plaintiff nor verified by a notary public. (*See* Doc. 7). Given the rationale for the Court's determination in this matter, however, Plaintiff's failure to present a valid affidavit is of no significance as to the outcome on her motion for leave to amend.

"discovered" by a *statutorily-designated* adult [*see* Ohio Rev.Code Ann. § 2151.421 (Anderson 1991) ]. *Id.*, 59 Ohio St.3d at 139–40, 571 N.E.2d 711. Contrary to Plaintiff's contention, nothing in *Hensley* suggests that the statute of limitations, even as to criminal actions, should be tolled indefinitely until whatever date the alleged victim, as a competent adult, claims to recall an alleged incident of abuse. Indeed, the Court in *Hensley* specifically rejected an interpretation of "discovery" that

> could subject a person to criminal liability indefinitely with virtually no time limit, and thus frustrate the legislative intent of a statute of limitations on criminal prosecutions.

*Id.* at 139, 571 N.E.2d 711.

Moreover, nothing in the *Hensley* opinion suggests that its holding was intended to be carried over and applied to *civil* causes of action. Indeed, the only reported Ohio case that appears to touch on that issue suggests that the "delayed discovery doctrine" applied to criminal offenses under Ohio Rev.Code § 2901.13(F) does *not* apply to analogous civil actions. *McKay v. Cutlip*, 80 Ohio App.3d 487, 609 N.E.2d 1272 (1992). In *McKay*, the Ohio appellate court found that the rationale underlying *Hensley* does not translate to civil child abuse actions, in which the applicable statute of limitations contains no "discovery" provision analogous to Ohio Rev.Code § 2901.13. *Id.* at 493, 609 N.E.2d 1272.

While the Court acknowledges that the facts in *McKay* are not on point with the circumstances existing in the instant matter, that decision represents the best available case law to guide this Court in determining how the courts of Ohio would interpret the statute of limitations applicable to Plaintiff's proposed cause of action, under the circumstances present herein. Absent a contrary pronouncement from the Ohio Supreme Court, this Court will not presume to interpret the plain language of an Ohio statute of limitations to include an implied tolling provision that does not appear on its face. Additionally, as in *McKay*, Plaintiff's affidavits

are insufficient to justify a conclusion that her purported lack of memory places her within the contemplation of Ohio Rev.Code § 2305.16's "unsound mind" tolling provisions. *See id.*, 80 Ohio App.3d at 490–92, 609 N.E.2d 1272 [noting that McKay's psychologist, like Plaintiff's counselor herein, did not express an opinion to that effect].[3]

Notwithstanding the "profound public interest" in preventing child abuse that Plaintiff cites as justification for permitting the proposed amendment (Doc. 7, p. 2), the Court finds that Plaintiff's cause of action for sexual battery based upon an incident that occurred in 1981 is time barred by the applicable Ohio statute of limitations. The Court therefore concludes that Plaintiff's proposed amendment to assert that cause of action should not be permitted.

IT THEREFORE IS ORDERED that Plaintiff's motion for leave to file an amended complaint (Doc. 5) hereby is DENIED.

IT IS SO ORDERED.

---

**3.** The Court further questions whether Plaintiff's counselor, a licensed social worker rather than a psychologist, in fact would be qualified to express such an opinion.