DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Shirley Reffner appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of appellees, Neighborhood Conservation Services of Barberton ("NCS"), Jerry Petrik, Michael Mitov Builders ("Mitov"), and the city of Barberton, Ohio ("the City"). We affirm in part and reverse in part.
 I.
Petrik is the director of NCS, an entity that arranges for the construction of homes through outside contractors. In 1994, Shirley Reffner and her husband Robert were looking to purchase a house. They became acquainted with NCS and inquired with them about building a new home. After several phone conversations, the Reffners spoke with Petrik. After a lot located within the city of Barberton was selected, the parties entered into a contract for the construction of the house. NCS then contracted with Mitov for the house's construction.
Even before moving into the house, the Reffners experienced problems with the house. These problems included improperly functioning toilets, sewer difficulties, cracking in the garage, and dampness in the basement. The house was also not accessible for a handicapped person, which was necessary for Mr. Reffner to use the house. The Reffners repeatedly contacted Petrik about these problems, and Petrik stated that he would have them repaired. However, the problems were not remedied.
On January 10, 1997, the Reffners filed a complaint in the Summit County Court of Common Pleas. The complaint alleged that NCS and Petrik had made fraudulent misrepresentations and that the City had been negligent in issuing a building permit, in supervising and inspecting the construction of the house, and in its maintenance of the sewer system. The complaint was amended to add Mitov as a defendant. All defendants answered, and various cross-claims were asserted.
On August 21, 1997, the City moved for judgment on the pleadings based on sovereign immunity. The Reffners did not respond. On November 7, 1997, the trial court granted the City's motion in part, as to all claims except those alleging negligence in the maintenance of the sewer system.[1]
On November 19, 1997, an order of reference was entered, referring the matter to a magistrate. In March 1998, NCS, Petrik, and Mitov moved for summary judgment on the claims against them, and the City moved for summary judgment on the remaining negligent maintenance claim against it. Mrs. Reffner did not respond to the motions.[2] On May 12, 1998, the trial court ruled on the motions for summary judgment. Though the matter had been referred to the magistrate, the trial court stated that it would rule on the motions in the interest of judicial economy. The trial court granted summary judgment in favor of the City on the remaining negligent maintenance claim and in favor of NCS, Petrik, and Mitov on the respective claims against them. This appeal followed.
 II.
Mrs. Reffner asserts three assignments of error. We will address each in turn.
 A.
In her first assignment of error, Mrs. Reffner argues that the trial court improperly decided the motion for summary judgment because the matter had been referred to a magistrate. We disagree. In Ordway v. Ordway (Dec. 30, 1998), Lorain App. No. 97CA006947, unreported, at 3-4, this court followed the decisions of two other courts of appeals that held that a trial court may take up a matter that has been referred to a magistrate. "[J]udicial economy dictates that the trial court be permitted to withdraw a matter from the magistrate at any time." Id. at 4. The trial court did not err by ruling on the summary judgment motions itself after the matter had been referred to a magistrate. Mrs. Reffner's first assignment of error is overruled.
 B.
In her second assignment of error, Mrs. Reffner argues that the trial court erred by allowing her deposition to be used as evidence in support of a motion for summary judgment. She contends that the deposition should not have been considered because it had not yet been completed. Mrs. Reffner has not given any authority to support the proposition that an incomplete deposition may not be used in support of a motion for summary judgment. Even assuming, arguendo, that the use of an uncompleted deposition is error, Mrs. Reffner failed to object to the use of the deposition in the trial court and therefore cannot raise this issue for the first time on appeal. See LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Accordingly, Mrs. Reffner's second assignment of error is overruled.
 C.
In her third assignment of error, Mrs. Reffner argues that the trial court erred in granting summary judgment in favor of each of the appellees. We will address her contentions as to each appellee separately.
We first note the appropriate standard of review. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Our review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. Even if no memorandum in opposition to a motion for summary judgment is filed, the moving party must still meet its burden under Dresher. See Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 47.
 1. NCS
Mrs. Reffner alleged fraudulent misrepresentation by NCS. Mrs. Reffner alleged that various representations were made to her regarding the construction of the house, including that the construction would be done in a workmanlike manner and that the house would be accessible for a handicapped person. The elements of fraudulent misrepresentation are outlined in Burr v. Stark Cty.Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
NCS points to evidence from Mrs. Reffner's deposition that no representations on these matters were made by NCS or its representatives. However, we find that there are genuine issues of material fact as to whether such representations were made. For example, NCS argues that the evidence shows that no representations were made as to whether the construction would be done in a workmanlike manner. However, a document entitled "Home Specifications," signed by Petrik and on NCS letterhead, contains the following statement: "All the work is to be executed in a workmanlike manner in accordance with the plans and specifications." This statement creates a genuine issue of material fact as to whether such a representation was made.
Genuine issues of material fact exist as to whether NCS made representations to Mrs. Reffner. NCS has not argued that there is no genuine issue of material fact as to any other element of the fraudulent misrepresentation claim. Therefore, the trial court erred in granting summary judgment in favor of NCS.
 2. Petrik
Mrs. Reffner also presented fraudulent misrepresentation claims against Petrik. She alleged that Petrik made misrepresentations that certain defects in the house would be repaired. In his motion for summary judgment, Petrik presented no evidence demonstrating that there is no genuine issue of material fact as to whether he made fraudulent misrepresentations to Mrs. Reffner.[3] Therefore, he did not meet his burden underDresher. Because Petrik did not meet that burden, the trial court erred in granting summary judgment in his favor.
 3. The City
Mrs. Reffner's remaining claim against the City was for negligent maintenance of the sewer system. The City presented no evidence whatsoever in support of its motion for summary judgment and failed to address the issue of negligent maintenance entirely. Thus, the City did not meet its burden as the party moving for summary judgment under Dresher. The trial court erred in granting summary judgment in favor of the City.
 4. Mitov
In its order granting summary judgment in favor of Mitov, the trial court stated that Mrs. Reffner's amended complaint failed to state a cognizable cause of action against Mitov. We have reviewed the amended complaint and are likewise unable to discern what cause(s) of action Mrs. Reffner asserted against Mitov. In her arguments to this court, Mrs. Reffner has failed to shed light on the nature of her claims against Mitov. An appellant has the burden of demonstrating error on appeal. See Bd. of Health v.Trubiani (Dec. 16, 1998), Medina App. No. 2731-M, unreported, at 7. Because Mrs. Reffner has not demonstrated why the trial court erred when it found that no cause of action was stated, we must affirm the trial court's decision. Accordingly, the trial court did not err by granting summary judgment in favor of Mitov.
 5. Summary
The trial court erred by granting summary judgment in favor of NCS, Petrik, and the City. The trial court did not err by granting summary judgment in favor of Mitov. The third assignment of error is sustained in part and overruled in part.
 III.
Mrs. Reffner's first and second assignments of error are overruled. Mrs. Reffner's third assignment of error is overruled in part and sustained in part. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to Shirley Reffner, Neighborhood Conservation Services of Barberton, Jerry Petrik, and City of Barberton.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
CARR, J.
CACIOPPO, J., CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] The issues determined by the trial court's ruling on the motion for judgment on the pleadings have not been raised on appeal.
[2] During the pendency of the action, Mr. Reffner died. The action thereafter continued with Mrs. Reffner as the sole plaintiff. See Civ.R. 25(A)(2).
[3] Petrik's arguments were solely cast in terms of negligent misrepresentation. However, Mrs. Reffner's claim is clearly for fraudulent misrepresentation.