DECISION AND JOURNAL ENTRY
Appellants, Diane and Thomas Lengyel, appeal from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of appellee, Metropolitan Property and Casualty Insurance Company ("Metropolitan"). We affirm.
 I.
The Lengyels were married in June of 1979, and were legally separated in 1993. After the separation, Diane continued to live in the family residence, while Thomas moved into an apartment. During all times relevant to this appeal, the family residence was insured by Metropolitan Property and Casualty Insurance Company under Metropolitan's Valuable Insurance Protection PLUS (VIP) Homeowners Policy ("Homeowners policy"), which listed both Diane and Thomas Lengyel as named insureds. Metropolitan also separately insured Thomas's apartment under Metropolitan's Valuable Insurance Protection (VIP) Renters Policy ("Renters policy").
On August 2, 1994, Diane and Thomas Lengyel got into an argument concerning the welfare of their children. The argument became heated, and Diane struck Thomas across the mouth. Thomas then struck Diane across the jaw, causing her to fall backward and lose consciousness. Diane allegedly also suffered a chipped tooth, TMJ, permanent paraesthesia on the right side of her face, severe headaches, and bone damage to her jaw. Criminal charges were brought against Thomas in the Wadsworth Municipal Court, where he was found guilty of domestic violence, in violation of R.C. 2919.25(A), at a bench trial.
On July 19, 1996, Diane filed a complaint for personal injuries allegedly sustained during the August 2, 1994 incident. Thomas filed an answer denying liability. On September 12, 1997, Metropolitan filed an intervening complaint for declaratory judgment asking the court to declare the duties and obligations of the parties under both the Homeowners policy on the family residence and the Renters policy on Thomas's apartment. On October 1, 1998, Metropolitan filed a motion for summary judgment, relying on the intentional acts exclusions contained in the Homeowners and Renters policies. Both policies exclude from coverage "bodily injury * * * which is reasonably expected or intended by you or which is the result of your intentional and criminal acts."[1] Subsequently, the trial court entered summary judgment in favor of Metropolitan on January 20, 1999. This appeal followed.
 II.
Appellants assert three assignments of error. We will address appellants' second assignment of error first as we find it dispositive.
 A. Second Assignment of Error WHETHER AN INJURY IS EXPECTED OR INTENDED BY A WRONGDOER IS A JURY QUESTION AND THE COURT CAN NOT PRESUME AS A MATTER OF LAW THAT INJURIES CAUSED BY A WRONGDOER WERE INTENTIONAL UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE.
 In the second assignment of error, appellants assert that the trial court erred in granting summary judgment in favor of Metropolitan based on the exclusionary clause in both the Homeowners and Renters policies. They further contend that as there is a genuine issue of material fact regarding whether Thomas intended to injure Diane, the trial court erred in granting summary judgment. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
"[I]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." Physician'sIns. Co. of Ohio v. Swanson (1991), 58 Ohio St.3d 189, 193. This court has previously held that "a criminal conviction, in and of itself, may conclusively establish intent for purposes of applying an intentional acts exclusion." Allstate Ins. Co. v. Cole (Aug. 12, 1998), Summit App. No. 18733, unreported, at 3; see, also,Nearor v. Davis (1997), 118 Ohio App.3d 806, 810-11; AllstateIns. Co. v. Hevitan (Jan. 24, 1996), Medina App. No. 2443-M, unreported, at 3-4. Further, a conviction involving the culpable mental state of knowingly is sufficient to trigger an intentional acts exclusion, so long as the exclusion contained in the insurance policy is not restricted to purely intentional acts, but also includes the expected results of one's acts. Nationwide Mut.Fire Ins. Co. v. Carreras (Nov. 15, 1995), Lorain App. No. 95CA006031, unreported, at 5-6; see, also, Gunter v. Meacham
(Sept. 20, 1995), Summit App. No. 17125, unreported, at 4.
In the present case, Thomas was found guilty of domestic violence, in violation of R.C. 2919.25(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." (Emphasis added.) Moreover, both the Homeowners policy and the Renters policy exclude bodily injury which is reasonably expected or intended by the insured. Hence, we conclude that the trial court did not err in entering summary judgment in favor of Metropolitan. Accordingly, appellants' second assignment of error is overruled.
 B. First Assignment of Error THE TRIAL COURT ERRED WHEN IT FOUND THE INTERSPOUSAL EXCLUSION APPLIED TO A SPOUSE WITH NON-RESIDENT STATUS.
 Third Assignment of Error THE TRIAL COURT ERRED BY FAILING TO FIND SUMMARY JUDGMENT FOR THE MOVING PARTY.
In their first assignment of error, appellants argue that the trial court erred when it found that the interspousal exclusion applied to a spouse with non-resident status. Further, in their third assignment of error, appellants argue that the trial court erred in denying their motion for summary judgment.[2] However, as we conclude that the trial court properly entered summary judgment in favor of Metropolitan for the reasons set forth above, these assignments of error are rendered moot. App.R. 12(A)(1)(c). Accordingly, appellants' first and third assignments of error are overruled.
 III.
Accordingly, appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
BAIRD, P.J. AND WHITMORE, J. CONCUR.
[1] The quoted language is identical in both the Homeowners and Renters policies.
[2] We note that the docket sheet reflects that Thomas filed a motion for summary judgment on October 28, 1998; however, this motion is missing from the record. Furthermore, contrary to Diane's assertion, the record does not indicate that Diane filed a motion for summary judgment on November 2, 1998; instead, the record shows that she filed a response to plaintiff's motion for summary judgment on that date. Further, we can find no judgment entry that expressly denies the motion for summary judgment.