DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants, Dawn M. Hardy-Shafer and her husband, Edward Shafer, have appealed the order of the Summit County Court of Common Pleas, granting summary judgment in favor of defendant-appellee Teresa L. Marshall.[1] This Court affirms that judgment.
 I.
On June 16, 1997, Ms. Hardy-Shafer's car was struck from behind while she was stopped, waiting for the vehicle in front of her to make a left turn. The driver of the vehicle that struck her, Ms. Marshall, was cited for failure to maintain an assured clear distance. Although there did not appear to be much damage to either car or their occupants, Ms. Hardy-Shafer said that she began to feel a headache and stiffness in her neck before leaving the scene of the accident. She made an appointment to see her family physician later that day. Her doctor prescribed pain medication. The headaches and neck pain were gone within two or three months.
On November 10, 1997, Ms. Hardy-Shafer signed a standard release with Ms. Marshall's insurance carrier, Utica National Insurance Group ("Utica"), for $500. The release states that it encompasses all claims arising from injuries "whether developed or undeveloped or known or unknown," resulting from the June 16, 1997 accident.
About a month after signing the release, Ms. Hardy-Shafer began to experience breathing problems. On March 18, 1998, she consulted her family physician. Ultimately, a specialist in pulmonary medicine to whom she had been referred by her family doctor diagnosed the condition as paralysis of the diaphragm. Ms. Hardy-Shafer testified in her deposition that her doctor has told her she will have this condition for the rest of her life.
 II. A. First Assignment of Error THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE WAS NO MEETING OF THE MINDS AND NO VALID RELEASE EXISTS AS IT IS RENDERED NULL AND VOID.
Appellants argue that the release should be deemed null and void, because neither Ms. Hardy-Shafer nor the Utica insurance adjuster was aware of the existence of her hemidiaphragm paralysis at the time the release was executed. Thus, summary judgment should not have been granted. The issue here, however, is not whether there was mutual mistake in the parties' understanding as to Ms. Hardy-Shafer's injuries at the time the release was executed. Rather, the issue is what the parties intended when the release was executed. Since this Court concludes that the evidentiary materials submitted to the court establish that the parties, at the time the release was executed, intended a full release of all claims, including any unknown conditions, we affirm the trial court's grant of summary judgment.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial.Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
As Appellants have recognized, the seminal case on this question isSloan v. Standard Oil Co. (1964), 177 Ohio St. 149. In Sloan, the Supreme Court held:
 A release may be avoided where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact material to the release, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinqushed. (O'Donnel v. Langdon, 170 Ohio St., 528, overruled.)
(Emphasis original.) Paragraph one of the syllabus. Thus, appellants are right in their assertion that mutual mistake as to the existence of an injury at the time a release is executed is grounds for voiding a release. That statement, however, was immediately qualified by the Supreme Court. Such release may be upheld, even though based upon mutual mistake as to the releasor's injuries, if it appears that the parties actually intended to release all claims, even claims for injuries unknown at the time the release was executed. Therefore, as the Supreme Court stated in Sloan, "[t]he dispositive inquiry in each case is what did the parties intend?" Id. at 152.
In the instant case, the evidentiary materials presented to the trial court shows neither Ms. Hardy-Shafer nor Harry J. Marconi, an insurance adjuster for appellee's insurer, knew prior to their settlement of Ms. Hardy-Shafer's claim that she was suffering from a serious injury that might be related to the accident. Mr. Marconi admitted that fact in his deposition. Ms. Hardy-Shafer testified that she did not experience any breathing difficulty until about six months after the accident and about one month after she had signed the release in November of 1997. Thus, there was mutual mistake as to the existence of injury of the releasor, Ms. Hardy-Shafer, at the time the release was executed.
The inquiry then must turn to the parties' intentions in executing the release. The Sloan court enumerated seven factors that it said have been judicially recognized as aids in determining the intent of the parties at the time a release is executed. According to the Supreme Court, those factors, "[s]tated favorably to the party seeking rescission or cancellation" of the release, are:
 1) The absence of bargaining and negotiating leading to settlement; 2) the releasee is clearly liable; 3) absence of discussion concerning personal injuries; 4) the contention that the injuries were in fact unknown at the time the release was executed is reasonable; 5) an inadequate amount of consideration received compared with the risk of the existence of unknown injuries; 6) haste by the releasee in securing the release; and 7) the terms of the release exclude the injuries alleged.
Id., at 153. (Citations omitted and numbers added.) The trial court reviewed these factors before deciding that the parties intended a full release for all injuries. This Court concurs with the trial court's analysis of the evidence.
A letter written by Ms. Hardy-Shafer to Mr. Marconi demonstrates the existence of bargaining and negotiating (factor 1), leading to the release agreement. The letter, dated August 25, 1997, and introduced as evidence at appellant's deposition, indicates that Mr. Marconi had offered one hundred dollars ($100) to settle the case. Ms. Hardy-Shafer responded that she did not feel this was a "fair settlement." She asked for five hundred dollars ($500) "for my time, patience, and suffering, in addition to the payment of my medical expense and loss of work time." Ms. Hardy-Shafer bargained for $500 and that is what she ultimately received. Ms. Hardy-Shafer does not deny writing the letter or dispute any of the terms therein.
This letter also demonstrates the existence of discussion of Ms. Hardy-Shafer's personal injuries (factor 3). In the letter, Ms. Hardy-Shafer notes that she had experienced headaches and a stiff neck due to her injuries for at least a month after the accident. In addition, Ms. Hardy-Shafer's deposition testimony infers that she had discussed her injuries with Mr. Marconi, because she testified that she understood her acceptance of the settlement meant she would be unable to re-open negotiations for any further recompense for her headaches or stiff neck.
Appellant argues that the $500 she received is obviously inadequate consideration in view of the seriousness of the diaphragm paralysis that she must endure for the rest of her life (factor 5). However, the comparison raised in the fifth factor is between the amount received and the risk of unknown injury. It is not a comparison between the amount received and an amount necessary to compensate for the previously unknown injury. The risk of discovering an unknown injury related to the accident after five months is relatively small. As appellee notes, most injuries caused by accidents such as this are discernible immediately. Occasionally, it will take a day or so for an injury to manifest itself. Ms. Hardy-Shafer testified that she was free of symptoms of any kind for at least two months before she signed the release. The amount she received was adequate compensation compared to the risk of discovering an unknown injury after that period of time.
Furthermore, the evidentiary materials demonstrate that there was certainly no haste by the releasee to pressure appellant to settle her claim (factor 6) and that the terms of the release expressly exclude the injuries appellant now seeks to recover (factor 7). The trial court did not err in applying these factors to conclude that the parties intended to relinquish all claims-even those that were unknown at the time of the execution of the release.
Appellant also argues, quoting paragraph two of the Sloan syllabus, that "[w]hether the parties to a release actually intended to discharge all liability is a question of fact for the trier of facts." Intent is indeed a question of fact. Id. at 153. In Sloan, the issue was submitted to the court as the trier of fact. Here, the trial court decided the issue on motion for summary judgment, on the bases of evidentiary materials submitted. The facts drawn from depositions of Harry Marconi and Dawn Hardy-Shafer and the letter she wrote to Marconi, that were the bases of the court's ruling, were not in dispute here. Thus, the trial court could properly conclude that no genuine issue as to any material fact remained to be litigated and that appellee was entitled to judgment as a matter of law.
Nor is this Court persuaded that an ambiquity as to whether the release extends to "all" claims is created by Ms. Hardy-Shafer's failure to place a checkmark over the word "yes," before signing her name a second time on the document. The first part of the document, which is signed separately, uses the same language to clearly state that the releasees are released from "all claims[.]" Both segments also extend the release to claims whether "developed or undeveloped" or "known or unknown." Where the meaning of words in a contract is unambiguous, a reviewing court will not create construction contrary to its plain terms. Labatev. Natl City Corp. (1996), 113 Ohio App.3d 182, 185. The release Dawn Hardy-Shafer signed here is clear and unambiguous and requires no further interpretation.
For the reasons stated above, appellants' first assignment of error is overruled and the judgment of the trial court is affirmed.
 B. Second Assignment of Error IF THE DECEMBER 30, 1999 RULING OF THE TRIAL COURT IS NULL AND VOID, THERE WAS NO PREJUDICE TO AMERICAN STATES AND, THEREFORE, THE JANUARY 26, 2000 ENTRY AS TO AMERICAN STATES' MED-PAY OBLIGATION IS INAPPROPRIATE.
This assignment of error is conditioned upon this Court's reversal of the trial court's summary judgment entry for appellee Marshall. It asks for reinstatement of Ms. Hardy-Shafer's right to seek med-pay benefits under her policy with American States, in the event this Court found the release she signed to be invalid. Since this Court has affirmed the validity of the release, appellant's second assignment of error is overruled.
 III.
Ms. Hardy-Shafer's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J., CONCUR.
[1] American States Insurance Company ("American States"), appellants' auto insurance carrier, was named as a defendant in the complaint for the purpose of determining appellants' rights to payment under their own policy. On January 26, 2000, nearly a month after summary judgment was granted to Ms. Marshall, the trial court entered a final stipulated entry, declaring that American States' subrogation rights had been prejudiced by the release executed by Ms. Hardy-Shafer, thus relieving the company of any obligation to pay under the med-pay provisions of the policy. American States subsequently was voluntarily dismissed as an appellee in this Court, pursuant to a stipulated agreement between appellants and American States.