This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Petros Family Limited Partnership ("Petros"), appeals the decision of the Summit County Court of Common Pleas granting summary judgment to appellee, Richfield Township ("Richfield"). We affirm.
 I.
Petros owns 13.5 acres of land located in Richfield Township. This property is a rural residential district. Specifically, the property is zoned R-1, requiring a minimum lot area of two acres per dwelling. The relevant portions of the Richfield Township Zoning Regulations provides:
 [t]he purpose of this [R-1] district is to accommodate residential development in areas which cannot be reasonably serviced by central water and/or sanitary sewer facilities and where the underground water supply or the soil conditions for septic tanks are inadequate to accommodate a higher density.
 On March 24, 1999, Petros filed a complaint seeking: 1) a declaratory judgment that the current R-1 zoning of its property was unconstitutional and 2) an order that its property be rezoned as commercial. Petros moved for summary judgment. In support of its motion, Petros included a description of the property, maps of the property, a November 20, 1998 rezoning recommendation of the Summit County Planning Commission, the purpose of Richfield's R-1 zone, and affidavits by a Civil Engineer with the City of Cleveland Water Department and a professional urban planner.
Richfield responded to Petros's motion and made its own motion for summary judgment. Richfield asserted the zoning ordinance was presumed constitutional. In support of its motion for summary judgment, Richfield included: affidavits from the Richfield Zoning Inspector/Secretary, a Director of a professional consulting firm, the City Engineer of Broadview Heights, employees of the Northeast Ohio Areawide Coordinating Agency, the Regional Study Manager of the City of Akron's Metropolitan Area Transportation Study, a Comprehensive Planner from the Ohio Department of Development, the Law Director of Broadview Heights, and the Assistant Sanitary Engineer of Medina County; various maps; traffic studies and the Richfield Zoning Ordinance. The trial court denied Petros's motion for summary judgment and granted Richfield's motion for summary judgment. This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTED.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY WEIGHING THE EVIDENCE AND TESTIMONY PROVIDED BY THE PARTIES.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT CONSIDERING ALL MATERIAL FACTUAL ALLEGATIONS AND RATIONAL INFERENCES THEREFROM IN FAVOR OF APPELLANT WITH RESPECT TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 All three of Petros's assignments of error are related and will be discussed together. Petros argues that the trial court erred in granting summary judgment for Richfield. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Appellate review of a lower court's entry of summary judgment is denovo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
In the present case, Richfield moved for summary judgment asserting that the zoning ordinance was presumed constitutional. Additionally, Richfield presented evidence that there was currently no agreement with Broadview Heights or Medina to supply water and sewer services to Petros's property. Richfield presented the affidavit of Carol Marik ("Marik"), the Zoning Inspector/Zoning Secretary of Richfield. Marik stated that there was no agreement with Broadview Heights to supply water or sewer services to Petros's property.
The record reflects that the Law Director of Broadview Heights authenticated a February 20, 1998 letter regarding water service. The letter stated "the Township of Richfield has clearly indicated that they do not wish to participate in any cooperative agreement for purposes of assessing its residents for utilization of the water line." In his affidavit, the Assistant Sanitary Engineer of Medina County stated that there was no agreement with Richfield to provide sewer services.
The Dresher burden shifted to Petros to show that beyond a fair debate the zoning ordinance was unconstitutional. Golberg Cos., Inc. v.Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 214. The Supreme Court of Ohio has held that "there is little difference between the `beyond fair debate' standard and the `beyond a reasonable doubt' standard." Cent. Motors Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581,584, citing Karches v. Cincinnati (1988) 38 Ohio St.3d 12, 19, fn. 7.
Petros failed to meet this threshold burden. Petros presented the affidavit of Thomas Basalla ("Basalla"). Basalla stated that "Sanitary Sewer Service as provided by The Medina 300 Wastewater Treatment Plant is available to service the Property" and "Potable central water service is available to the property from the City of Cleveland Water Department." Bassalla's statements were based on his physical inspection of Petros's property, his experience as an urban planner and his familiarity with the commercial development near the property. Petros also present the affidavit of Guy Singer ("Singer"). Singer is a Civil Engineer with the City of Cleveland Water Department. Singer authenticated a map showing the general location of the water mains in the area of Petros's property.
These two affidavits merely provided evidence that central water and sewer lines were proximately located to Petros's 13.5 acres. Basalla stated that water and sewer services were "available." However, Richfield presented evidence that there was no agreement between Richfield and Medina or Broadview to provide these services. The water and sewer lines may be proximately located to the property but without an agreement for service they do not result in the area being "reasonably serviced by central water and/or sewer facilities." The existence of water and sewer lines proximately located to the property was not sufficient to show beyond a fair debate that the rural residential zoning of Petros's property was unconstitutional.
We find that Richfield met its Dresher burden to show that there is no material issue of fact regarding the constitutionality of the R-1 zoning of Petros's property. Accordingly, the trial court did not err in granting summary judgment to Richfield. Petros's first, second and third assignments of error are overruled.
 III.
Having overruled all three assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., WHITMORE, J. CONCUR.