**McKAY, Appellant,**

**v.**

**CUTLIP et al., Appellees.**

[Cite as *McKay v. Cutlip* (1992), 80 Ohio App.3d 487.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005155.

Decided May 13, 1992.

488

*William M. Crosby,* for appellant.

*Brian Thompson,* for appellees.

REECE, Judge.

This appeal raises the issue of whether plaintiff-appellant, Marcia McKay, presented sufficient evidence on summary judgment of her "unsound mind" to toll the statute of limitations on her claim. She filed her complaint in the Lorain County Court of Common Pleas against her father, defendant-appellee Richard L. Cutlip, on January 9, 1991. The pleading alleged that he had physically, sexually, and psychologically abused her throughout her life. The most recent episode purportedly took place in May 1990, when McKay was approximately thirty-five years of age.

Cutlip raised the statute-of-limitations defense in his answer. He then moved for summary judgment, which McKay opposed. Citing the one-year deadline for assault and battery claims, R.C. 2305.111, the trial court granted Cutlip's motion as to all events arising prior to January 9, 1990.[1]

McKay has perfected this interlocutory appeal of that decision. Three assignments of error are presented.

## Assignment of Error I

"The trial court erred by holding time-barred the plaintiff-appellant's claims arising from her rape and sex abuse by her father which occurred prior to the one-year period preceding the filing of her complaint."

Statutes of limitations serve to encourage prompt prosecution of cases, suppress stale and fraudulent claims, and avoid the hazards engendered by delay especially with regards to dated evidence and fading memories. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 88, 4 OBR 335, 338, 447 N.E.2d 727, 730. McKay does not dispute that R.C. 2305.111 applies at least initially to all her claims for assault and battery.

---

1. Upon review of the record, it is apparent that McKay's complaint might also state a cause of action for intentional infliction of emotional distress. The trial court's entry does not, however, address the four-year statute of limitations applicable to such claims. R.C. 2305.09(D). We therefore express no opinion on this issue.

■ McKay argues, however, that the running of the statute of limitations was tolled pursuant to former R.C. 2305.16.[2] That provision declares:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

"After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought."

McKay maintains that her alcoholism and drug abuse rendered her mentally "unsound" at the time the causes of action against her father accrued.[3]

The phrase "of unsound mind" has not been fully defined by the General Assembly. It does include "all forms of mental retardation or derangement." R.C. 1.02. In *Bowman v. Lemon* (1926), 115 Ohio St. 326, 154 N.E. 317. The court explained in paragraph three of the syllabus that:

"Where a plaintiff claims to have been of unsound mind at the time a cause of action accrues, so as to suspend the statute of limitations, which claim is denied by the defendant, plaintiff has the burden of proving that he was suffering from some species of mental deficiency or derangement, so as to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice; such issue should be submitted to the jury, the same as any other issue of fact in the case." See, also, *Lowe v. Union Trust Co.* (1931), 124 Ohio St. 302, 178 N.E. 255, syllabus.

---

**2.** R.C. 2305.16 was amended effective January 13, 1991.

**3.** At oral argument, McKay's counsel announced several additional theories for why she was "of unsound mind." We will not consider these new contentions as only her alcoholism and drug abuse were addressed to the trial court. Appellate review is limited, pursuant to App.R. 12(A), to the record as it existed at the time the judgment was rendered. *In re W. Reserve Water Dist.* (Jan. 15, 1992), Medina App. No. 2020, unreported, at 10, fn. 4, 1992 WL 6657.

The trial court reasoned in the final entry of July 18, 1991 that:

" * * * In order to toll the applicable statute of limitations, [R.C. 2305.16] requires a showing that plaintiff was of unsound mind, either adjudicated as such or confined in an institution or hospital under a diagnosed condition or disease. * * * "

This analysis is contradicted by the plain language of former R.C. 2305.16. McKay's contention is that she was an alcoholic "at the time" each cause of action for assault and battery accrued. Consequently, only the first—not the second—paragraph of the statute applies. The latter is reserved for those situations where the plaintiff "becomes of unsound mind" *after* the claim arises. See *Fisher v. Ohio Univ.* (1992), 63 Ohio St.3d 484, 589 N.E.2d 13. The initial paragraph does not require that the plaintiff prove that he or she was adjudicated incompetent or confined in an institution.

 We are nevertheless required to affirm the trial court's judgment if any valid grounds are found on appeal to support it. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174. Therefore, this court will examine whether Cutlip, as the moving party, duly established the appropriateness of summary judgment. *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206, 196 N.E.2d 781, paragraph two of the syllabus. Such is proper by authority of Civ.R. 56(C) only if there are no genuine issues of material fact to be litigated and Cutlip is entitled to a judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 273. The trial court's entry will be reviewed *de novo*. See *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

 Cutlip's motion specifically raised the statute-of-limitations defense. While no evidence was presented, the moving party is not required to tender materials negating the opponent's cause of action. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273; *Pyles v. Becker* (May 6, 1992), Summit App. No. 15310, unreported, at 3, 1992 WL 98853. A motion submitted pursuant to Civ.R. 56(B) need only set forth a succinct basis for the summary judgment request. *Id.; Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus.

 Once a sufficiently concrete application is filed, the nonmoving party is forced "to produce evidence on any issue [identified in the motion] for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (citing *Celotex*). Accordingly, McKay tendered the depositions of her daughter and sister as well as her own affidavit. Also attached to her

reply was a copy of a report by a clinical psychologist, Deborah A. Koricke, Ph.D.[4] Cutlip, in turn, offered his own deposition transcript and McKay's interrogatory responses.

These materials established that McKay was an alcoholic and drug abuser for most of her life. The psychologist diagnosed her condition as "Multiple Alcohol and Drug Abuse, currently in remission; Major Depressive Reaction, and Post–Traumatic Stress Disorder, Acute." However, the documents presented go no further. As the trial judge noted, mere evidence of alcoholism and drug abuse, without more, is insufficient to establish an "unsound mind" for purposes of former R.C. 2305.16. The plaintiff must also demonstrate that his or her condition continually *prevented* the timely prosecution of the lawsuit. *Bowman, supra.*

The only proof offered by McKay to this effect was her declaration in an affidavit that:

"Largely as a result of this history of violence and sexual abuse the affiant has become an alcoholic and was totally emotionally and psychologically disabled from pursuing her legal rights and remedies—for which she has only begun to recover subsequent to the arrest and commitment (again, in May, 1990), of the defendant as a part of her mother's divorce of the defendant and her sister's courageous act of pursuing her claims arising out of the same behavior and dames [*sic*] discussed, herein."

This conclusory assertion was not supported by any third-party testimony. Her psychologist did not express an opinion as to her ability to initiate legal proceedings against her father.[5]

In order to warrant a trial, the responding party must demonstrate a "genuine" dispute over each material fact. It is not enough that a "scintilla" of evidence or a "colorable" claim is produced. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248–252, 106 S.Ct. 2505, 2510–2512, 91 L.Ed.2d 202, 211–214; *Wilcox v. Nick's L.A. Productions* (Aug. 28, 1991), Summit App. No. 15064, unreported, at 4, 1991 WL 168593. In *Anderson, supra,* at 249, 106 S.Ct. at 2511, 91 L.Ed.2d at 212, the court explained that:

---

**4.** This document was not authenticated by an affidavit or otherwise as required by Civ.R. 56(C) and (E). While it was nevertheless considered by the trial court, Cutlip failed to object. Nor does he raise the matter on appeal. We therefore view the issue as waived. *Rosenberry v. Chumney* (1960), 171 Ohio St. 48, 50, 12 O.O.2d 56, 57, 168 N.E.2d 285, 287.

**5.** Indeed, the report, dated April 12, 1991, notes that McKay earned her GED and was briefly employed as a factory worker. "[H]er longest period of sobriety was [two and one-half] years." In 1979, "[s]he began to utilize the Alcoholics Anonymous program."

" * * * [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. * * * [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." (Citations omitted.)

The standard for "genuineness" therefore mirrors that applied to motions for a directed verdict: Construing the evidence most strongly in favor of the nonmoving party, can reasonable minds nevertheless conclude only in favor of the movant. Civ.R. 50(A)(4); see *Anderson, supra,* at 250–252, 106 S.Ct. at 2511–2512, 91 L.Ed.2d at 212–214; *Hinkle v. Cornwell Quality Tool Co.* (1987), 40 Ohio App.3d 162, 165, 532 N.E.2d 772, 775.

■ In the case *sub judice,* McKay's bare assertion that she has been unable to file her claim for the last fifteen to twenty years, without elaboration or corroboration, is not sufficiently probative to create a triable issue of fact. Reasonable minds could not conclude—based upon this brief statement alone—that she had satisfied the requirements of former R.C. 2305.16, thereby tolling the one-year statute of limitations. Consequently, Cutlip is entitled, as a matter of law, to judgment upon all claims for assault and battery arising prior to January 9, 1990.

This assignment of error is overruled.

### Assignment of Error II

"The trial court erred by refusing to apply the delayed-discovery doctrine to civil prosecution of sex abuse in light of *State v. Hensley* (1991), 59 Ohio St.3d 136 [571 N.E.2d 711]."

■ In *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711, syllabus, the court held that the general criminal statute of limitations, R.C. 2901.13(A), was tolled for crimes involving child abuse or neglect until a "responsible adult," as defined by R.C. 2151.421, learned both of the act and the criminal nature of the act. We can discern no rational basis for extending this rule of law to the case *sub judice.* R.C. 2901.13 simply does not apply to this civil lawsuit. Furthermore, *Hensley* is premised upon the specific language of R.C. 2901.13(F) that suspends the criminal limitations period "during any time when the corpus delicti remains undiscovered." The statute with which we are more directly concerned, R.C. 2305.111, does not contain an analogous provision.

This assignment of error is not well taken.

Assignment of Error III

"The trial court erred by holding the tolling provisions of R.C. Sec. 2305.16 inapplicable to the claim of the plaintiff."

This assignment of error is simply a reiteration of the preceding assignments of error and is overruled.

The judgment of the court of common pleas is affirmed consistent with this opinion.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.