DECISION AND JOURNAL ENTRY
Appellant Takila Nuss appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of appellees, Hand-Craft Cleaners and Floyd and Edie McCoy.[1]
We reverse.
The McCoys are the owners of Hand-Craft, a dry cleaning business. Appellant was an employee of Appellees in early 1996. One of the machines used in Appellees' business was a Unipress cuff and collar machine, which pressed the cuffs and collars of shirts under high temperature.
On the morning of March 17, 1996, appellee Floyd McCoy performed repairs on the Unipress machine. The repair altered one of the machine's safety mechanisms. Later that day, while Appellant was operating the Unipress machine, her hand became trapped in the machine. As a result, her hand was severely burned.
On December 18, 1996, Appellant filed a complaint in the Summit County Court of Common Pleas, naming Appellees and other parties as defendants. The complaint, as later amended, alleged a claim for an employer intentional tort. The other parties were later dismissed pursuant to Civ.R. 41(A)(1)(a).
Appellees moved for summary judgment, arguing that Appellant had not met the burden imposed by R.C. 2745.01, the Ohio Employer Intentional Tort Act. Appellant opposed the motion. On November 12, 1997, the trial court granted Appellees' motion for summary judgment.
Appellant appealed the trial court's order to this court. We dismissed the appeal for lack of a final appealable order, based on the dismissal of the other defendants. The Ohio Supreme Court reversed this court's judgment and remanded for further proceedings. Nuss v. Hand-Craft Cleaners (1999), 87 Ohio St.3d 9. The matter is now before us again pursuant to the mandate of the Ohio Supreme Court.
Assignment of Error
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS OHIO REVISED CODE § 2745.01 [sic] IS UNCONSTITUTIONAL.
Appellant argues in her sole assignment of error that the trial court erred in granting Appellees' motion for summary judgment. She contends that the basis for the trial court's decision was that she did not meet her burden under R.C. 2745.01, which was held unconstitutional by the Ohio Supreme Court. She argues that because the trial court's basis for granting summary judgment has been invalidated, the trial court's order is likewise invalid. Appellant's argument is well taken.
Summary judgment under Civ.R. 56(C) is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
In Johnson v. BP Chemicals, Inc. (1999), 85 Ohio St.3d 298, syllabus, the Ohio Supreme Court held that "R.C. 2745.01 is unconstitutional in its entirety." After Johnson, the determination of an employer intentional tort must be made under the test set forth in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraphs one and two of the syllabus. The trial court's decision in the case at bar was based solely on the application of R.C. 2745.01 and provided no ability to determine whether the standards for an employer intentional tort under Fyffe were met. Therefore, we must remand the case to the trial court for a determination of those issues.
Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees. Exceptions.
 _____________________________ LYNN C. SLABY, FOR THE COURT.
BAIRD, P.J. AND WHITMORE, J. CONCUR.
[1] Referred to collectively as "Appellees." When discussing the appellees separately, they will be referred to as "the McCoys" or "Floyd McCoy" and "Hand-Craft."