This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Fourth Party Plaintiff-Appellant Retail Planning Construction ("Appellant") has appealed a judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of Fourth Party Defendant-Appellee Corporate Mechanical ("Appellee"). This Court affirms.
 I
On September 4, 1997, James Lamb, an employee of Appellee, was injured after falling off of an exterior ladder while installing an air conditioner on the roof of Summit Mall at The Children's Place store. Prior to the accident, Appellant and Appellee had entered into a subcontract under which Appellee would perform the heating and cooling work for The Children's Place construction project. Following the accident, Lamb filed a personal injury suit against Summit Mall and The Children's Place. The Children's Place responded by naming Appellant, the general contractor of the construction project, as a third-party defendant. Lamb later amended his complaint to include Appellant.
On December 17, 1998, Appellant filed a fourth party complaint naming Appellee a fourth party defendant. Appellant asserted that Appellee breached its subcontract by failing to fulfill the defend, indemnify, and hold harmless clauses of the subcontract.[1]
On September 30, 1999, Lamb voluntarily dismissed his complaint against The Children's Place. Pursuant to Civ.R. 56(B), the remaining defendants, Summit Mall and Appellant, filed motions for summary judgment against Lamb. On February 17, 2001, the trial court granted both motions for summary judgment, finding that no genuine issues of material fact existed. Lamb appealed, and the decision was affirmed by this Court. Lambv. Summit Mall (Jan. 17, 2001), Summit App. No. 20011, unreported. The Ohio Supreme Court declined jurisdiction to hear Lamb's case. Lamb v.Summit Mall (2001), 91 Ohio St.3d 1529. After the Ohio Supreme Court declined jurisdiction, Appellee filed a summary judgment motion. The trial court granted the motion, holding that the indemnity claim was moot because summary judgment had been rendered against Lamb. Appellant has appealed the decision, asserting one assignment of error.
 II
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment in made, that conclusion is adverse to that party. State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. An appellate court reviews a lower court's entry of summary judgmentde novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491.
 Assignment of Error The trial court erred in entering its August 31, 2001, Order on Motion for Summary Judgment, which had been filed by [Appellee] and ruling that [Appellant's] claim for indemnity against [Appellee] pursuant to the subcontract agreement between said parties was moot, since [Lamb's] claims had been dismissed.
Appellant has argued that the trial court erred by finding the indemnity issue moot and granting summary judgment in favor of Appellee. Appellant has asserted that questions of fact remain regarding the subcontract. This Court disagrees.
This Court affirms the trial court's decision that Appellant's claim was rendered moot when summary judgment was entered against Lamb. A review of the fourth party complaint reveals that the indemnification Appellant requested was connected to Appellant's alleged liability. Therefore, when Appellant was found not liable, indemnification became moot. Further, under Civ.R. 14, any part of the claim which was not made moot by the granting of summary judgment in favor of the defendants is now moot because it was not properly asserted by third (or fourth) party practice. Accordingly, Appellant's sole assignment of error is overruled.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
BAIRD, P.J., CARR, J. CONCURS.
[1] Appellant has asserted that Appellee had a duty to defend under the subcontract. Such a clause was not included in the subcontract and therefore will not be addressed by this Court.