This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Patricia and Edward Stuper ("the Stupers"), appeal the decision of the Summit County Court of Common Pleas, granting summary judgment in favor of appellee, Shirley Young. We affirm.
At the times relevant herein, Ms. Young owned three adjacent parcels of real estate on East Avenue, in Summit County, Ohio. One of the parcels was leased by Ms. Young's grandson, Joe Horvath, (the "Horvath residence"). The parcel immediately next to the Horvath residence was occupied by the Winding Bar, which was owned by Ms. Young. Mr. Horvath routinely assisted Ms. Young in managing the bar and maintaining the properties. On December 1, 2000, Ms. Stuper parked her vehicle in the Winding Bar parking lot in order to deliver clean linens to the Winding Bar, as part of her employment with Delta Linen Company. She was injured when a Great Dane owned by Mr. Horvath allegedly jumped on her, knocking her sideways onto the exterior wall of the Winding Bar.
As a result of the incident, the Stupers filed a complaint against Ms. Young and Mr. Horvath, alleging that the defendants were liable pursuant to R.C. 955.28 for the injuries suffered by Ms. Stuper. Mr. Stuper claimed to have suffered a loss of consortium as a result of his wife's injuries. Ms. Young moved for summary judgment. The Stupers responded in opposition. On August 23, 2001, the trial court granted summary judgment in favor of Ms. Young; however, the court did not utilize Civ.R. 54(B) language. On December 3, 2001, the trial court entered default judgment against Mr. Horvath, in the amount of $75,000 together with interest and costs, thereby entering judgment on all claims against all parties. This appeal followed.
The Stupers assert a single assignment of error for review:
 "The trial judge abused her discretion in granting the Defendant's Motion for Summary Judgment since questions of material fact remain which are best suited for the finders of fact."
The Stupers have argued that the trial court erred in granting summary judgment in favor of Ms. Young, as a genuine issue of material fact exists as to whether Ms. Young harbored the dog pursuant to R.C. 955.28. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is denovo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
R.C. 955.28(B) imposes strict liability on the owner, keeper, or harborer of a dog for any injury to person or property, which is caused by the dog, unless certain exceptions apply.[1] R.C. 955.28(B) provides:
 "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."
Thus, in order to maintain a strict liability cause of action under R.C. 955.28(B), the plaintiff must establish: 1) that the defendant was the owner, keeper, or harborer of the dog; 2) that the injury was proximately caused by the dog's actions; and 3) the monetary amount of damages sustained by the plaintiff. Thompson v. Irwin (Oct. 27, 1997), 12th Dist. No. CA97-05-101.
An owner is the person to whom the dog belongs, while the keeper is the person who has physical control over the dog. Flint v. Holbrook (1992),80 Ohio App.3d 21, 25. In determining whether a person is a harborer of the dog within the meaning of R.C. 955.28, the focus shifts from possession and control of the dog to possession and control of the premises where the dog lives. Godsey v. Franz (Mar. 13, 1992), 6th Dist. No. 91WM000008. "[A] harborer is one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence." (Emphasis omitted.) Flint, 80 Ohio App.3d at 25. With respect to whether a landlord can be held liable as a harborer under R.C. 955.28(B) for injuries inflicted by a tenant's dog, the plaintiff must prove that the landlord permitted or acquiesced in the tenant's dog being kept in the common areas or areas shared by the landlord and tenant. Godsey, supra.
In the present case, the trial court granted summary judgment in favor of Ms. Young on the Stupers' R.C. 955.28 claim, holding that there was no genuine issue of material fact as to whether Ms. Young was a harborer of the dog. In doing so, the trial court found that there was no evidence presented from which to infer that Ms. Young acquiesced in the dog's presence on the Winding Bar property. The Stupers challenge this determination on appeal. Accordingly, the relevant inquiry under the aforementioned standards is whether, construing the evidence most strongly in favor of the Stupers, reasonable minds could conclude that Ms. Young permitted or acquiesced in the presence of Mr. Horvath's dog on the Winding Bar property.
In support of her motion for summary judgment, Ms. Young pointed to portions of the record in which evidence was adduced that the Great Dane was kept behind a stockade fence in Mr. Horvath's backyard and that Mr. Horvath only allowed the dog to be in the Winding Bar parking lot when he was present. Mr. Horvath stated that he was unaware of the dog ever getting loose and being unattended in the Winding Bar parking lot. Accordingly, Ms. Young met her burden of demonstrating an absence of a genuine issue of material fact as to whether she harbored the dog under R.C. 955.28(B).
As Ms. Young met her Dresher burden, it became incumbent upon the Stupers to present competent evidence creating a genuine issue of material fact as to whether Ms. Young acquiesced in the dog being kept on the Winding Bar property. The Stupers have failed to do so. In their brief in opposition to summary judgment, the Stupers presented, inter alia, the affidavit testimony of Ms. Stuper and Bob Doolittle. Ms. Stuper stated that she personally observed the Great Dane running unattended on the Winding Bar property. She also related that, during the summer prior to her injury, while in Ms. Young's presence, Ms. Stuper heard the Great Dane barking behind the Horvath property fence. Similarly, Mr. Doolittle, who lives near Ms. Young's properties, testified that, while the Great Dane was kept at the Horvath residence, he observed the Great Dane in the Winding Bar parking lot on numerous occasions both before and after Ms. Stuper's injury. Mr. Doolittle did not state whether the Great Dane was attended or unattended while it was on the Winding Bar property. Additionally, in their brief in opposition, the Stupers pointed to the deposition testimony of Ms. Young's husband. Mr. Young testified that he had asked Mr. Horvath to remove the Great Dane from the Horvath residence because it was making too much noise. Mr. Young admitted to doing nothing further to insure the dog's removal after that request.
The Stupers argue that the aforementioned evidence creates a genuine issue of material fact as to whether Ms. Young was a harborer of the Great Dane at the time Ms. Stuper was injured. We disagree. While the evidence adduced by the Stupers demonstrates that Ms. Young knew that Mr. Horvath kept the Great Dane in a fence enclosure at the Horvath residence, the evidence fails to show that Ms. Young permitted or acquiesced to the dog's presence on the Winding Bar property where Ms. Stuper was injured. Significantly, although there was evidence that the dog roamed loose on the Winding Bar property on several occasions prior to Ms. Stuper's injury, the Stupers failed to adduce evidence tending to show that Ms. Young was aware of that fact. Furthermore, the fact that Mr. Young requested that the dog be removed from the Horvath residence is immaterial, as the relevant inquiry is whether Ms. Young acquiesced to the Great Dane being kept on the Winding Bar property. See Flint, supra;Godsey, supra. Therefore, construing the evidence most strongly in favor of the Stupers, we cannot conclude that reasonable minds could find that Ms. Young harbored the Great Dane under R.C. 955.28(B). Accordingly, we hold that the trial court properly entered summary judgment in favor of Ms. Young on the Stupers' R.C. 955.28 claim.
The Stupers' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.
[1] The exceptions contained in R.C. 955.28(B) are not applicable to the case at bar.