This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Colin M. Baker, et al., appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment to appellee, Graphic Planet. We affirm.
Appellants, at all material times, were publishers of a magazine. In the course of their work, appellants hired Carrolton Graphics ("Carrolton") to assist in the production of the magazine. At a later period of time, Carrolton declared bankruptcy. Appellee then purchased assets of Carrolton from the United States Bankruptcy Court through a sale order.
On February 12, 2001, appellee filed a complaint against appellants, alleging that there remained an unpaid balance for the work done on the magazine production. On May 11, 2001, appellants filed an answer and counterclaim. In the answer, appellants denied the existence of an unpaid balance and asserted that Carrolton had not properly completed the job for which they were hired. In the counterclaim, appellants requested compensatory and punitive damages, asserting that Carrolton's poor work quality had caused appellants damage.
On September 24, 2001, appellee filed a motion for summary judgment with regard to the original claim and the counterclaim. On October 15, 2001, appellants filed a brief in opposition to the motion for summary judgment. The trial court granted appellee's motion for summary judgment on November 30, 2001. This appeal followed.
Appellants assert one assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S SUMMARY JUDGEMENT [sic.] MOTION"
Appellants assert that the trial court erred when it granted appellee's motion for summary judgment on appellee's claim and appellants' counterclaim because, upon reviewing the evidence submitted by the parties, there exists a genuine issue of material fact as to whether, pursuant to equitable principles, appellants were entitled to relief and damages due to Carrolton's unsatisfactory work.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
In the motion for summary judgment, appellee pointed to evidence demonstrating that appellee listed appellants owing $35,024.43 as an account receivable. On the account receivable page, several charges were listed along with the total amount due for the performance. Appellee also pointed to the bankruptcy court's sale order in which the court approved of the sale of substantially all of the debtor's assets and business to appellee. As pertinent to the counterclaim, appellee referred to paragraphs seven and twelve of the sale order. Paragraph seven of the sale order provides that "[t]he Debtor is authorized to sell, assign, and transfer the Assets pursuant to * * * the Bankruptcy Code free and clear of any and all liens, claims and encumbrances in accordance with the terms of this Agreement." Paragraph twelve further provides that "[t]he Buyer shall not be a successor to the Debtor, and no successor liability shall attach to the Buyer or the Assets by reason of this Agreement, the transactions contemplated hereunder, or Buyer's subsequent operation of the Debtor's business."
In opposition to the motion for summary judgment, appellants argued that, pursuant to equitable principles, it would be unjust to permit collection on an account whose basis was improperly obtained due to unsatisfactory work or to deny them relief from the damages that they incurred. In support of the assertion that, pursuant to equity, appellee should not only be unable to collect on the account but also should be liable for appellants' alleged damages, appellants pointed to letters written to Carrolton in which appellants complained about some aspects of Carrolton's quality of work.
In the first letter, dated June 18, 1999, appellants complimented Carrolton's work and indicated that they were "satisfied with the quality of the printing and production work[.]" Appellants further wrote that Carrolton's "experience and patience has been a major asset to the `quality' image, which [the] magazine presents[.] * * * [Carrolton's] print dates and delivery have been timely and [Carrolton] ha[s] handled our bulk mailing requirements with speed and economy." Along with this letter, and dated the same day, appellants wrote what appears to be a second handwritten note which states that the "testimonial letter is for your sales use. It does not truly reflect our feelings about the `quality' we have been getting so far."
In the second letter, dated August 31, 1999, appellants informed Carrolton that they were dismayed by the print job done on the May/June 1999 issue. The letter discussed problems with the quality of work and stated that appellants "were embarrassed and made to look like a bunch of clowns to our readers and the advertisers[.]" However, the letter continues and states that appellants were "prevailed upon to give this relationship one more chance and indeed, the July/August issue was much better." In closing, the letter informs Carrolton that appellants did not intend to pay for the work completed on the May/June issue.
In its judgment entry, the trial court granted summary judgment in favor of appellee, holding that there were no genuine issues of material fact remaining on either the original claim or the counterclaim. In doing so, the trial court also noted that the appellants had the option of an alternative remedy, bringing their counterclaim in the United States Bankruptcy Court. On appeal, appellants argue that they did not have a viable legal remedy in an alternative court. They also assert all of the work done by Carrolton Graphics was unsatisfactory and, further, that the work caused them damages. Consequently, due to this allegedly unsatisfactory and damaging work, they aver that the trial court erred because they were entitled to equitable relief. Without addressing whether appellants have a remedy in an alternative court, we find that the granting of summary judgment was nevertheless proper as no genuine issue of material fact remained on either the original claim or the counterclaim.
In the case at bar, appellee met the initial Dresher burden by demonstrating that appellee had purchased assets of Carrolton through a bankruptcy court's sale order. Regarding the order, appellee pointed to language providing that, by purchasing Carrolton's assets, successor liability did not attach to appellee. Further, appellee demonstrated that there remained an unpaid balance for work undertaken by Carrolton. It then became incumbent upon appellants to show not only that they had a valid defense with regard to the amount due but also a valid claim against appellee for the alleged damages supposedly caused by Carrolton's work.
Viewing the evidence most strongly in favor of appellants, the Dresher
burden was not met. The evidentiary materials pointed to by appellants do not demonstrate that they are entitled to equitable relief as alleged. Appellants were required to point to or submit some evidentiary material that showed a genuine dispute over the material facts. See Henkle,75 Ohio App.3d at 735. They failed to do so; instead, appellants merely asserted that, regardless of appellee's arguments, as unsatisfactory work had caused them damages, they were entitled to judgment on both claims pursuant to equitable principles and pointed to the letters in support of their contention.
These letters do not demonstrate, as asserted by appellants, that Carrolton's work done throughout the time period in which appellants and Carrolton worked together was so entirely unsatisfactory that an unpaid balance could not remain. In fact, the only portion of the work that was pointed to as being unsatisfactory was the May/June issue, in spite of the fact that that the two parties continued to work together beyond this point. Further, the letters discuss the improvements in Carrolton's quality of work and indicate that due to their satisfaction with Carrolton's recent work, the two parties would continue their working relationship. Moreover, the evidence pointed to by appellants does not demonstrate that appellants were damaged as alleged in their counterclaim. The evidence merely indicates that appellants may have felt embarrassed by the May/June issue, not that there were other ramifications as alleged by appellants.
As there is no genuine issue of material fact remaining on either the original claim or the counterclaim, appellee was entitled to summary judgment as a matter of law. Therefore, the trial court properly granted summary judgment to appellee. Accordingly, appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.