This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Raymond Davis has appealed from an order of the Lorain County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Westfield Companies ("Westfield") on Appellant's complaint for declaratory judgment. This Court affirms.
 I
{¶ 2} On December 10, 1999, Appellant was involved in a motor vehicle accident caused by the negligence of Jacqueline S. Dean. Appellant was operating a 1987 Ford Ranger titled in his name.
{¶ 3} At the time of the accident, Appellant was an employee of Liberty Ford Lincoln Mercury, a subsidiary of Jim Herrick Motors, Inc. ("Herrick Motors"). Herrick Motors was insured under a policy of commercial liability insurance and commercial umbrella insurance issued by Westfield. Herrick Motors executed two additional forms in connection with the Westfield policy: 1) a reduction form, through which Herrick Motors attempted to reduce the available amount of uninsured/underinsured motorists ("UM/UIM") benefits to $100,000, and 2) a rejection form, by which Herrick Motors purported to reject all excess UM and UIM umbrella coverage.
{¶ 4} At the time of the accident, Ms. Dean was insured through an automobile liability insurance policy issued by Nationwide Insurance Company ("Nationwide"). With Westfield's consent, Appellant accepted $100,000 from Nationwide, which represented the full liability limits available to Ms. Dean under the Nationwide policy.
{¶ 5} Appellant thereafter filed an action for declaratory judgment and damages, seeking UIM benefits under the Westfield policy pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. Westfield filed a motion for summary judgment and a supplemental brief in support of its motion, arguing that Appellant was not entitled to coverage under the Westfield policy. The trial court granted summary judgment in favor of Westfield, holding that Appellant's claim for UIM coverage was barred by 1) an "other owned auto" exclusion, 2) terms providing for the complete set-off of liability limits available to the tortfeasor from the limits of UIM coverage under the policy's primary coverage, and 3) Westfield's valid rejection of UIM coverage under the policy's umbrella coverage. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT GRANTED [WESTFIELD'S] MOTION FOR SUMMARY JUDGMENT."
{¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in granting Westfield's motion for summary judgment. Appellant has contended that the "other owned auto" exclusion does not apply because he was driving a "covered vehicle" at the time of the accident. Appellant has also maintained that Westfield's reduction of available UIM benefits under the policy's primary coverage, and its rejection of UIM benefits under the umbrella coverage, were invalid.
{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 8} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion.Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
{¶ 9} Appellant has maintained that he was an insured under the Westfield policy pursuant to Scott-Pontzer. In Scott-Pontzer, the Ohio Supreme Court considered whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies. The court held that when the named insured in an insurance policy is a corporation, "you" as included in the definition of an insured is ambiguous. Scott-Pontzer, 85 Ohio St.3d at 665. The court therefore concluded that coverage applied to the corporation's employees, because "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Id. at 664.
{¶ 10} In its supplement to its motion for summary judgment, Westfield argued that Scott-Pontzer did not apply to extend coverage to Appellant under the Westfield policy pursuant to then-recent authority from this Court. Westfield appended to its supplement a copy of a broadened coverage endorsement, which amended the policy to include individually named insureds. Westfield contended that the inclusion of individually named insureds removed any ambiguity from the scope of the term "you" in the definition of "insured" under the policy, andScott-Pontzer therefore did not apply to extend coverage to Appellant.
{¶ 11} The declarations page of the commercial auto coverage part of the general liability policy identifies the named insured as Jim Herrick Motors Inc. An endorsement to the business auto coverage form of the policy provides the following definition of an insured:
"Who Is An Insured
 "1. You while `occupying' or, while a pedestrian, when struck by any `auto.'
 "2. If you are an individual, any `family member' while `occupying' or, while a pedestrian, when struck by any `auto.'
 "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."
{¶ 12} The policy is modified by a subsequent endorsement, entitled "DRIVE OTHER CAR COVERAGE — BROADENED COVERAGE FOR NAMED INDIVIDUALS." The broadened coverage endorsement identified John Haller and Cheryl Haller on the schedule as insureds. The endorsement also added the following modifications to auto medical payments and UM/UIM coverage:
"The following is added to Who Is An Insured:
 "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
"Any `auto' owned by that individual or by any `family member.'"
{¶ 13} This Court has previously held that the inclusion of a named individual as an insured in a broadened coverage endorsement removes the ambiguity from the term "you" as included in the definition of an insured for purposes of entitlement to UIM benefits. See Caruso v.Utica Ins. Co., 9th Dist. No. 21222, 2003-Ohio-525, ¶ 19; Thorne v.Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, ¶ 29;Westfield Ins. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784, at 6. Therefore, this Court need not engage in a Scott-Pontzer analysis on the facts before us. Unlike the policy at issue in Scott-Pontzer, which identified the corporation as the sole named insured, the broadened coverage endorsement included in the Westfield policy names specific individuals as insureds. See Scott-Pontzer, 85 Ohio St.3d at 664. The policy language regarding the definition of an insured is therefore not ambiguous, and is not subject to the interpretation that employees of Herrick Motors or its subsidiaries are insureds for purposes of UIM coverage. See Caruso, 2003-Ohio-525, ¶ 19; Thorne, 2002-Ohio-6123, ¶ 29; Galatis, supra, at 6. This Court interprets "you" in the endorsement defining "who is an insured" as providing UIM benefits only to the named individuals listed in the endorsements. Consequently, Appellant is not an insured under the terms of the policy, and he is not entitled to UIM benefits thereunder.
{¶ 14} The trial court did not err in granting summary judgment in favor of Westfield. Appellant's assignment of error is not well taken.
 III
{¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. and CARR, J. CONCUR.