DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiffs-Appellants Denise Shafer and her husband Joel Shafer (collectively "Appellants"), have appealed from a decision of the Court of Common Pleas of Wayne County that granted summary judgment in favor of Defendant-Appellee Westfield Insurance, Co. ("Westfield"). This Court affirms.
 I {¶ 2} On August 8, 2000, Denise Shafer was operating her 1995 Toyota Corolla in Wooster, Ohio, when Gerald Brode ("Brode") negligently collided with her automobile. At the time of the accident, Denise Shafer was employed by FirstMerit, which maintained an automobile liability insurance policy issued by Westfield.
 {¶ 3} Appellants filed suit against Westfield on May 21, 2002, wherein they claimed that Denise Shafer sustained serious and permanent bodily injuries as a result of her accident with Brode, and would incur present and future medical expenses as well as lost earnings as a result of her injuries. In their complaint, Appellants requested a declaratory judgment stating, inter alia, that they were entitled to uninsured/underinsured motorist ("UM/UIM") coverage under FirstMerit's automobile liability policy issued by Westfield. Appellants based their request for UM/UIM coverage on Scott-Pontzer v. Liberty Mut. Fire Ins.Co (1999), 85 Ohio St.3d 660.[1]
 {¶ 4} Westfield filed an answer and counterclaim, wherein it admitted that it issued an automobile liability insurance policy to FirstMerit that provided UM/UIM coverage. However, it denied that Denise Shafer was insured under said policy and denied all other material allegations set forth in Appellants' complaint. Westfield also requested a declaratory judgment stating, inter alia, that Denise Shafer was not an "insured" under Westfield's policy because the policy was unambiguous and therefore, Scott-Pontzer did not apply.
 {¶ 5} Appellants and Westfield both filed motions for partial summary judgment. The trial court granted Westfield's motion on April 8, 2003, finding that Appellants were not entitled to UM/UIM coverage under the insurance policy issued to FirstMerit by Westfield because the policy was unambiguous and, therefore, Scott-Pontzer did not apply. Relying onMazza v. Amer. Cont'l. Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, affirmed (2003), 2003-Ohio-5888, the trial court concluded that Denise Shafer was not an "insured" because she was not driving an automobile listed on the list of covered autos under the policy. The trial court also found that the term "you" was unambiguous because specific individuals were identified as "insureds", not merely FirstMerit as a corporate entity.
 {¶ 6} Appellants have timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"The trial court erred as a Matter of Law by Granting summary Judgment to Appellee Insurance Company on the basis that appellants were not insured for uim coverage."
 {¶ 7} In Appellants' first assignment of error, they have argued that Denise Shafer was an "insured" under FirstMerit's automobile liability insurance policy issued by Westfield. Specifically, they have argued that because the policy defined "you," as the named insured and the named insured is defined as FirstMerit, the policy was ambiguous pursuant to Scott-Pontzer. Therefore, they have argued that Westfield must extend UM/UIM coverage to Denise Shafer as a result of her automobile accident with Brode. We disagree.
 {¶ 8} Appellants have contended that Denise Shafer was an "insured" based on the Ohio Supreme Court's holding in Scott-Pontzer. They have argued that Scott-Pontzer applies because the contractual language of the policy is ambiguous, and that therefore Denise Shafer is an "insured" for purposes of UM/UIM coverage. In Scott-Pontzer, the court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies. More specifically, the court had to determine if the definition of "insured" included a corporation's employees. A provision in the policy defined "insured" as:
"B. Who Is An Insured
"1. You.
"2. If you are individual, any `family member.'
"3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer,85 Ohio St.3d at 663.
 {¶ 9} The coverage form further provided that "[t]hroughout this policy the words you and your refer to the [n]amed [i]nsured shown in the [d]eclarations." Scott-Pontzer, 85 Ohio St.3d at 663. The corporation, Superior Dairy, Inc., was listed in the Declarations page of the insurance policy as the "named insured." The court found that the term "you" or "your" was ambiguous, and held that an employee was also an "insured" for purposes of UM/UIM coverage when such an ambiguity exists. Id. at 665 The court explained:
"[I]t would be reasonable to conclude that `you,' * * * also includes * * * employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Scott-Pontzer, 85 Ohio St.3d at 664.
 {¶ 10} In the instant matter, the Westfield policy defined an "insured" as:
"B. Who Is An Insured
"1. You.
"2. If you are individual, any "family member."
"3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another `insured.'"
 {¶ 11} As the definition of "insured" contained in the present policy is identical to the definition of "insured" contained in theScott-Pontzer policy, we conclude "that `you,' while referring to [FirstMerit], also includes [First-Merit's] employees, since a corporation can act only by and through real live persons."Scott-Pontzer, 85 Ohio St.3d at 664. However, this Court finds that Appellant does not qualify as an "insured" in light of the Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 12} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation." Id. at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the scope of employment." (Emphasis added.) Id. at ¶ 62. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citing King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 211. An insurance policy extending to
"an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Galatis, 2003-Ohio-5849, at ¶ 20.
 {¶ 13} In the instant case, Appellants stated in their reply to Westfield's amended counterclaim for declaratory judgment that "[Denise Shafer] was not within the course and scope of her employment at the time of the injuries that gave rise to the litigation." Consequently, upon the authority of Galatis, this Court concludes that Appellants are not entitled to UIM coverage.
 {¶ 14} Although summary judgment was not proper on the basis employed by the trial court, this Court must affirm summary judgment if there were any grounds to support it. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. We find that Galatis provides us with appropriate grounds to support the trial court's entry of summary judgment for Westfield. Accordingly, Appellants' first assignment of error lacks merit.
 Assignment of Error Number Two
"The trial court erred as a matter of law by granting summary judgment to appellee Insurance company on the basis that Uim coverage was excluded by policy language."
 {¶ 15} In their second assignment of error, Appellants have argued that because Denise Shafer was an "insured" under Westfield's insurance policy, UM/UIM coverage arose per the language of the policy. Specifically, they have argued that language contained in the policy that purports to exclude coverage for bodily injury sustained by an insured while occupying a vehicle owned by the insured does not apply to her because the exclusion is impermissible pursuant to R.C. 3937.18(J)(1).
 {¶ 16} Based on our disposition of Appellants' first assignment of error, we find it unnecessary to address their second assignment of error. See App.R. (A)(1)(C).
 III {¶ 17} Appellants' first assignment of error is overruled; we decline to address their second assignment of error. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., and Baird, J., concur.
[1] In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, discussed infra, the Ohio Supreme Court narrowed the scope of Scott-Pontzer.