DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Penny McCary, appeals the decision of the Summit County Court of Common Pleas, granting summary judgment in favor of Appellee, Akron Turners Club., Inc. We affirm.
 {¶ 2} Appellant was a member of Appellee, a non-profit organization in Akron, Ohio. She was also employed by Appellee beginning in June, 2001, first as a bartender, then as a bar manager. On July 3, 2005, she was contacted by Appellee's president, Lisa Liller, who told Appellant that her employment was being terminated because of behavior unbecoming an employee of the Turners *Page 2 
Club. Liller indicated to Appellant that twenty-five members had voted for her termination as bar manager.
 {¶ 3} Appellant filed a complaint on August 19, 2005, naming as defendants the Turners Club and ten John Does. She contended that her termination amounted to "wrongful discharge" because Appellee had not complied with its own constitution and statutes in firing her. Appellee filed a motion for summary judgment and Appellant responded. The trial court granted Appellee's motion, and dismissed all claims against the John Doe defendants who were still unnamed at the time the court granted summary judgment. Appellant timely appeals and raises the following assignment of error:
 ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment."
 {¶ 4} Appellant contends that the trial court erred in granting Appellee's motion for summary judgment on Appellant's claim of wrongful discharge.
 {¶ 5} Pursuant to Civ. R. 56(C), summary judgment is proper if: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. Appellate review of a lower court's *Page 3 
entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
 {¶ 6} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ. R. 56(C) in support of his motion. Id Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 7} Appellant's terms of employment included her rate of compensation and her duties as an employee, but did not include the intended duration of her employment. The Ohio Supreme Court has held that:
 "In the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at will by either party." Henkel v. Educational Research Council of America (1976), 45 Ohio St.2d 249, syllabus.
 {¶ 8} "Unless otherwise agreed, either party to an oral employment-at-will agreement may terminate the employment relationship for any reason which is not *Page 4 
contrary to law. This doctrine has been repeatedly followed by most jurisdictions, including Ohio, which has long recognized the right of employers to discharge employees at will." Mers v. Dispatch PrintingCo. (1985), 19 Ohio St.3d 100, 103. An at-will employee may be discharged at any time and for any reason, with only three exceptions: violation of public policy, Phung v. Waste Mgt, Inc. (1986),23 Ohio St.3d 100, paragraph one of the syllabus, as modified by Kulch v.Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 149; violation of express contractual provisions, Mers, 19 Ohio St.3d at 103-104; or representations made to an employee that fall within the doctrine of promissory estoppel. Id. at 104. See, also, Rigby v. Fallsway Equip.Co., Inc., 9th Dist. No. 20985, 2002-Ohio-6120, at ¶ 13.
 {¶ 9} In support of its motion for summary judgment, Appellee provided two arguments. First, it argued that it never intended to be bound by its statutes or Constitution in the context of Appellant's employment. Second, it argued that even if it had so agreed, the Constitution and statutes did not support Appellant's argument in that they did not create exclusive authority in the House Committee to fire the bar manager, as Appellant argued. Appellee also provided the deposition of Appellant, who freely admitted that she was not attempting to raise any claims of discrimination or other violations of public policy. Additionally, Appellant has provided no evidence of any express contractual provisions. Instead, her entire claim rested on the belief that Appellee was required to comply with its statutes in *Page 5 
terminating her employment and that the statutes required a vote of the House Committee in order to accomplish a firing.
 {¶ 10} As Appellant's employment was at-will, it was terminable by either party for any reason. If Appellant claimed that there was an implied contract governing the terms of her employment, in this case the statutes of the organization, Appellant had the burden of establishing the parties' intent to be bound by those statutes. Henkel,45 Ohio St.2d at 254; Csuhran v. Kaiser Foundation Health Plan of Ohio (June 8, 1995), 8th Dist. No. 67460, at *3.
 {¶ 11} Appellant provided the trial court with no evidence that Appellee intended to be bound by its statutes or Constitution in its employment of Appellant. Appellant attached to her complaint in the trial court a copy of the "Principles and Statutes of the American Turners" (Principles); the "House Committee Tasks and Procedures" (House Committee Tasks) dated December 29, 1998; the "Turner Club Manager's Tasks" (Manager's Tasks); and the "Constitution of the Akron Turners Club" (Constitution). None of these documents indicates that it governs employment relationships between Appellee and its bartenders or bar managers. Additionally, Appellant provided no indication that she was told that her employment was governed by the Constitution or the other documents she has provided. Without demonstrating both parties' clear intent to be bound, Appellee cannot establish contractual terms that would govern the employment relationship, and therefore cannot satisfy her burden under *Page 6 Dresher to point to evidence in the record creating a genuine issue of material fact on the question of the terms governing the termination of Appellant's employment.
 {¶ 12} Assuming, arguendo, that Appellant had produced evidence of Appellee's intention to be bound, none of the documents to which Appellant points could support her position that the power to terminate her employment rested exclusively in the House Committee. The Principles does not address the issue at all. The House Committee Tasks indicates that the House Committee is responsible for, among other things, running the bar project, which involves hiring a bar manager. Nowhere does this document give the House Committee exclusive authority to fire the bar manager. Moreover, the heading of the document reads "House Committee Tasks and Procedures (as they exist today)", implying that the procedures are subject to change. The Manager's Tasks list charges the manager with the responsibility of reporting weekly to the House Committee. Nowhere does the list of tasks officially bind the manager to the statutes or Constitution of the club as a condition of employment.
 {¶ 13} Finally, the Constitution provides a description of the duties of the president and the House Committee.
 "The President shall open and preside over all meetings of the Society and become a member ex-officio of all committees, but have no vote; keep order and represent the Society in a just and worthy manner; and shall also sign all contracts and records. *Page 7 
"The House Committee under the jurisdiction and with the approval of the Board of Directors, shall have immediate charge and control of the operation of all functions of the Club Room and shall have the control and management of the building and shall have the control of internal affairs of the Society. They shall hire a Club Manager who shall be directly responsible to them."
 {¶ 14} At no point in the description of these duties does the Constitution indicate that the president's duties are limited to the tasks enumerated, nor does it indicate that the House Committee has the sole authority to fire the club manager. Therefore, even if Appellant had succeeded in demonstrating that these documents governed her employment with Appellee, she would have failed to meet her burden underDresher to demonstrate a genuine issue of material fact about the terms of that employment.
 {¶ 15} Appellant's assignment of error is without merit. We affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DICKINSON, J. CONCURS