This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jim Spaid, appeals the decision of the Medina County Court of Common Pleas, which granted summary judgment in favor of appellee, Artistic Carpet Warehouse, Inc. This Court affirms.
 I. {¶ 2} Appellee filed a complaint in the Medina County Court of Common Pleas seeking a judgment against appellant in the amount of $3,227.13 plus interest and costs for products and services it provided to appellant. Appellant filed an answer denying appellee's allegations. Appellee then filed a motion for summary judgment. Appellant filed a response to appellee's motion for summary judgment. The trial court granted summary judgment in favor of appellee.
 {¶ 3} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 4} "THE JUDGE ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF ARTISTIC CARPET WAREHOUSE, INC."
 SECOND ASSIGNMENT OF ERROR {¶ 5} "THE JUDGE ERRED IN GRANTING JUDGMENT TO PLAINTIFF ARTISTIC CARPET WAREHOUSE, INC."
 {¶ 6} Appellant's two assignments of error will be combined for purposes of discussion as they raise the same issue. In his two assignments of error, appellant challenges the trial court's award of summary judgment in favor of appellee.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that, viewing such evidence most strongly in favor of the non-moving party, reasonable minds can come to only one conclusion.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Serv., Inc. v. Lekan (1992),75 Ohio App.3d 205, 208.
 {¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} In support of their motion, appellants attached an affidavit from the custodian of the books and records on appellee's account. The affidavit repeated the claim that the appellee had failed to make all payments required pursuant to the agreement. Appellants also incorporated by reference an invoice showing the services appellants had provided and the amount owed by appellee.
 {¶ 10} On October 11, 2002, appellee filed a letter in opposition to summary judgment. Attached to this letter was a letter from the Cleveland Better Business Bureau and a chronological list of efforts made to settle this dispute.
 {¶ 11} This Court finds that appellees met their Dresher burden. The documents attached to appellees' motion for summary judgment clearly show that appellant owes appellees $3,227.13. However, appellant has failed to meet his reciprocal burden. The documentation attached to appellant's response to appellee's motion for summary judgment merely shows that he was not satisfied by the services provided by appellees. Appellant has failed to show a dispute as to the amount he owes appellees. Summary judgment was therefore properly granted to the appellees. Appellant's two assignments of error are overruled.
 III. {¶ 12} Appellant's assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.