[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Defendants-appellants Dillon Construction Company, Inc., ("DCC") and Sandra Dillon ("Dillon") appeal the trial court's entry of summary judgment in favor of plaintiff-appellee Janell, Inc., ("Janell") on its claims of breach of contract and replevin. For the following reasons, we affirm.
 {¶ 3} On March 6, 2002, Janell filed a complaint against DDC and Dillon alleging (1) that it had rented concrete equipment to DDC and that DDC had failed to make the rental payments under the agreement, (2) that DDC was still in possession of the rental equipment, and (3) that Dillon, the owner of DDC, had personally guaranteed any amounts owed by DDC to Janell. Upon receiving the summons and complaint, Dillon responded, pro se, by writing a letter to the clerk of courts stating that DDC's agreement with Janell was for the sale of equipment and that it had already paid $43,923.66 towards the purchase price. This letter was entered in the record.
 {¶ 4} On June 5, 2002, Janell moved for summary judgment, submitting the affidavit of John Conlon, Janell's branch manager. Conlon stated that Janell had rented concrete equipment to DDC, that DDC owed Janell $53,549.46, and that Dillon had personally guaranteed that amount. DDC and Dillon did not reply. On June 27, 2002, the trial court entered summary judgment in favor of Janell. By entry dated July 10, 2002, the court also ordered DDC to return the rental equipment to Janell. DDC and Dillon sought counsel and timely appealed this judgment.
 {¶ 5} In their sole assignment of error, DDC and Dillon contend that the trial court erred in granting summary judgment in Janell's favor. First, DDC and Dillon contend that because the pro se letter to the clerk of courts did not qualify as an answer pursuant to Civ. R. 10(A), they were not properly before the court, and, thus, it did not have any power to act. Second, if the letter did suffice as an appropriate response to the complaint, they argued that the letter had been sufficient to establish that there were genuine issues of material fact as to the nature of the agreement and the amount owed, thereby precluding the entry of summary judgment.
 {¶ 6} Initially, we note that whether Dillon's letter to the clerk of courts constitutes an answer is irrelevant here. Civ. R. 56(A) states that a party seeking to recover upon a claim may move for summary judgment "at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party." Here, the complaint was served upon DDC and Dillon on March 12, 2002. Pursuant to Civ. R. 12(A), they had 28 days from receipt of service to respond to the complaint. Janell moved for summary judgment in June 2003, well after the 28 days had expired. Further, DDC and Dillon were properly before the trial court, as they had been appropriately served with the complaint and summons.[1]
 {¶ 7} Turning to DDC's and Dillon's second argument, we hold that their responsive pleading (the pro se letter) was insufficient to demonstrate that there existed genuine issues of material fact so as to preclude summary judgment. Pursuant to Civ. R. 56(C), summary judgment is proper if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to only one conclusion.[2] Appellate review of the entry of summary judgment is de novo, using the same standard applied by the trial court.[3]
 {¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and of identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims.[4] The movant must point to some evidence in the record of the type listed in Civ. R. 56(C) to support its motion.[5] Once this burden is satisfied, the nonmoving party has the burden, under Civ. R. 56(E), to offer specific facts showing a genuine issue for trial.[6]
The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists.[7]
 {¶ 9} Here, Janell supported its summary-judgment motion with the type of evidence contemplated by Civ. R. 56(C), an affidavit of its branch manager. As it satisfied its burden to show that there were no material facts at issue, the burden then switched to DDC and Dillon to demonstrate that material facts were in dispute. But, pursuant to Civ. R. 56(E), DDC and Dillon could not merely rely on their pleadings, i.e., the pro se letter. Instead, they had to introduce or point to some evidence demonstrating a disputed material fact. They did not do so.
 {¶ 10} Accordingly, summary judgment was properly entered in favor of Janell. Janell had submitted evidence that DCC owed it a specific amount of money on an unpaid rental agreement and that DDC was still in possession of the rental equipment. As there was no evidence to dispute this, we hold that Janell was entitled to summary judgment. Therefore, the assignment of error is without merit, and the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See Civ. R. 4.
[2] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[3] McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491,609 N.E.2d 1272.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
[5] Id.
[6] Id.
[7] Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735,600 N.E.2d 791.