DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Tonya Gooch has appealed from an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Westfield Insurance Company ("Westfield") in Gooch's declaratory judgment action. This Court affirms.
 I {¶ 2} On May 19, 1997, Appellant was a passenger in an automobile driven by Sharia Hicks. Ms. Hicks lost control of the vehicle and crashed into a tree and the front porch of a home. Ms. Hicks, who was uninsured at the time of the accident, died as a result of her injuries.
 {¶ 3} At the time of the accident, Appellant was residing with her brother, who was employed by Heidman, Inc., an Akron area McDonald's franchisee. Heidman, Inc. was insured under a policy of insurance issued by Westfield that was in effect at the time of the accident.
 {¶ 4} In January 2002, Appellant filed an action against Westfield. Appellant sought a judgment declaring that she was an insured under the Westfield policy issued to Heidman, Inc., and was entitled to uninsured motorist ("UM") benefits for injuries allegedly sustained during the accident. Westfield filed a motion for summary judgment, as well as an answer and a counterclaim seeking a judgment declaring that Appellant was not entitled to coverage under the policy. In its motion for summary judgment, Westfield argued that Appellant was not entitled to UM benefits under the policy because: 1) the policy is not subject to application of the law announced in Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, because it does not ambiguously define who is an insured; 2) Appellant is not legally entitled to recover damages from Ms. Hicks because her action against Ms. Hicks and/or her estate is time-barred; 3) Appellant destroyed Westfield's subrogation rights by failing to notify Westfield of the accident before the statute of limitations for a tort action against Ms. Hicks expired; 4) Appellant breached her obligation to promptly notify Westfield of the accident by notifying Westfield nearly four years after the accident; 5) permitting Appellant to destroy Westfield's legally protected subrogation rights violates its constitutional right to equal protection of the law; and 6) the policy only extends UM coverage to autos owned by the insured, and Appellant was not operating a vehicle she owned at the time of the accident.
 {¶ 5} Appellant thereafter filed a motion for an extension of time until May 20, 2002, to respond to Westfield's motion for summary judgment, on the ground that she needed additional time to conduct discovery before responding to the motion. Although the record does not include an order ruling on the motion for an extension of time, Appellant has averred that the court granted an extension of time only until March 14, 2002. Appellant filed her responsive memorandum on that date, and the court thereafter entered an order granting Westfield's motion for summary judgment. The sole basis for the trial court's award of summary judgment to Westfield was that Appellant was not legally entitled to recover damages from Ms. Hicks, and such legal entitlement was a condition precedent to UM coverage under the policy. Appellant has timely appealed, asserting two assignments of error. We have rearranged Appellant's assignments of error to facilitate review.
 II Assignment of Error Number Two
"The Lower Court Erred In Granting Summary Judgment To [Westfield] When There Were Disputed Issues Of Material Fact."
 {¶ 6} In her first assignment of error, Appellant has argued that the trial court erred in granting Westfield's motion for summary judgment. Appellant has contended that the court erred in concluding that she was not legally entitled to recover under the terms of the policy, and that Westfield was therefore entitled to judgment as a matter of law.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} In its order granting Westfield's motion for summary judgment, the trial court addressed only Westfield's argument that Appellant was precluded from coverage under the policy because she was not legally entitled to recover damages from Ms. Hicks. The court cited an endorsement to the policy which provides:
"We will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' sustained by the `insured' caused by an `accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the `uninsured motor vehicle.'"
 {¶ 10} According to the court, the foregoing policy language established that a claimant's legal entitlement to recover from the tortfeasor was a condition precedent to UM coverage under the policy. The court concluded that Westfield was entitled to judgment as a matter of law because, even if Appellant was an insured under the policy, she was not legally entitled to recover any damages from the tortfeasor because she failed to assert her claims against Ms. Hicks or her estate before the expiration of the applicable statute of limitations. We disagree.
 {¶ 11} It is well settled that "the statutory law in effect at the time of entering into the contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v.Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, 289; see, also,Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, 30, fn. 4. In the case sub judice, the contract for insurance became effective November 1, 1996. At that time, R.C. 3937.18 required the inclusion of UM coverage with motor vehicle policies of insurance "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles[.]" R.C.3937.18(A)(1). The statute in effect on November 1, 1996, further provided:
"For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage." Id.
 {¶ 12} This Court has previously determined that, under the foregoing statutory language, even if the tortfeasor would have a valid statute of limitations defense against a claimant seeking recovery of underinsured motorist benefits, the claimant's failure to timely prosecute a claim against the tortfeasor's estate cannot operate to deny the claimant underinsured motorist coverage. See Reich v. Wayne Mut.Ins. Co. (Oct. 28, 1998), 9th Dist. No. 97CA0071, at 4, appeal not allowed (1999), 85 Ohio St.3d 1427. In Reich, we applied the version of R.C. 3937.18(A)(1) pertinent to the case sub judice and held that "whether a suit against [the tortfeasor's] estate is time-barred by the statute of limitations is irrelevant to [the insurer's] obligation to pay the UIM claim." Reich, supra at 4.
 {¶ 13} Under the statutory law in effect at the time the policy became effective and our holding in Reich, Appellant's failure to commence an action against Ms. Hicks within the time required by the statute of limitations does not preclude her legal entitlement to recover under the policy. See Reich, supra at 4; Parker v. Buckeye Union Ins.Co., 2nd Dist. No. 2002 CA 55, 2003-Ohio-2400, ¶¶ 36-37. Because Westfield failed to show that it was entitled to judgment as a matter of law on the ground that Appellant was not legally entitled to recover damages from Ms. Hicks, the trial court erred in granting summary judgment to Westfield on that basis.
 {¶ 14} Nevertheless, we must affirm the court's entry of summary judgment if there are any grounds to support it. McCay,80 Ohio App.3d at 491. Accordingly, we now proceed to the alternative grounds raised by Westfield in support of its motion for summary judgment.
 {¶ 15} Westfield also contended that Appellant was not an insured under the policy pursuant to Scott-Pontzer. In Scott-Pontzer, the Ohio Supreme Court considered whether a corporation's employees were entitled to underinsured motorist coverage under the corporation's insurance policies. The court held that when the named insured in an insurance policy is a corporation, "you" as included in the definition of an insured is ambiguous. Scott-Pontzer, 85 Ohio St.3d at 665. The court therefore determined that coverage applied to the corporation's employees, because "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons including to the corporation's employees." Id. at 664.
 {¶ 16} In its motion for summary judgment, Westfield argued thatScott-Pontzer did not apply to extend coverage to Appellant because the policy at issue included individually named insureds. Westfield contended that the inclusion of individually named insureds removed any ambiguity from the scope of the term "you" in the definition of "insured" under the policy, and Scott-Pontzer therefore did not apply to extend coverage to Appellant.
 {¶ 17} The declarations page of the policy identifies named insureds, which include Appellant's brother's employer Heidman, Inc., several other businesses, and individuals Richard Heidman, Edna June Heidman, John C. Blickle, and Jennifer E. Blickle. An endorsement to the business auto coverage form of the policy provides the following definition of an insured:
"B. WHO IS AN INSURED
"1. You.
"2. If you are an individual, any `family member.'
"3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."
 {¶ 18} The endorsement further defines a "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child."
 {¶ 19} This Court has previously held that the inclusion of a named individual as an insured removes the ambiguity from the term "you" as included in the definition of an insured for purposes of entitlement to uninsured and underinsured motorist benefits. See Westfield Ins. Co.v. Metzler, 9th Dist. No. 21517, 2003-Ohio-3788, ¶ 10; Heath v.Fidelity Cas. Co. of New York, 9th Dist. No. 21221,2003-Ohio-1303, at ¶ 27; Skala v. Grange Ins. Co., 9th Dist. No. 20941, 2002-Ohio-5040, ¶ 14; Westfield Ins. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784, at 6. Therefore, this Court need not engage in a Scott-Pontzer analysis on the facts before us. Unlike the policy at issue in Scott-Pontzer, which identified the corporation as the sole named insured, the endorsement included in the Westfield policy names specific individuals as insureds. See Scott-Pontzer,85 Ohio St.3d at 664. The policy language regarding the definition of an insured is therefore not ambiguous, and is not subject to the interpretation that employees of Heidman, Inc. or their family members are insureds for purposes of UM coverage. See Metzler, 2003-Ohio-3788, ¶ 10; Heath,2003-Ohio-1303, at ¶ 27; Skala, 2002-Ohio-5040, ¶ 14; Galatis
supra at 6. This Court interprets "you" in the endorsement defining "who is an insured" as providing UM benefits only to the named individuals identified in the schedule. Consequently, Appellant is not an insured under the terms of the policy, and is not entitled to UM benefits thereunder.
 {¶ 20} Because Appellant was not an insured under the terms of the policy, declaratory judgment was properly granted in favor of Westfield on the claims regarding Appellant's coverage under the policy. Appellant's first assignment of error therefore must fail.
 Assignment of Error Number One
"The Lower Court Abused Its Discretion In Refusing To Permit [Appellant] Adequate Time To Conduct Discovery Pursuant To [CIV.R. 56(F)]."
 {¶ 21} In her first assignment of error, Appellant has argued that the trial court erred by denying her motion for additional time within which to respond to Westfield's motion for summary judgment. Appellant has contended that the court should have granted Appellant more time to conduct discovery so that Appellant could respond to Westfield's claims that she did not timely notify Westfield of the accident and otherwise failed to preserve Westfield's subrogation rights.
 {¶ 22} In light of our disposition of Appellant's second assignment of error, we need not address the merits of the first assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 23} Appellant's second assignment of error is overruled, and we decline to address the merits of the first assignment of error. The judgment of the trial court is affirmed.
Judgment affirmed.
SLABY, P.J.
BAIRD, J. CONCUR